

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian E. Weisler
County Attorney
Washington County
Brenham, Texas

Dear Sir:

Opinion No. 0-3142
Re: Can a county purchase a
tract of land for an air-
port and pay for the same
out of its permanent im-
provement fund?

Your recent request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"Washington County is desirous of acquiring
a tract of land in fee to be used permanently as
an airport. It is thought at this time that
there will be available, under the Texas Airport
Plan adopted by the Government in connection
with the National Defense Program, sufficient
funds to improve the airport with but little or
no expense to the County, except that of the
purchase price of the tract of land to be used
as the airport.

"* * *.

"Can the County purchase a tract of land
for an airport out of its Permanent Improvement
Fund?

"* * *.

"Washington County has on hand sufficient
funds in the Permanent Improvement Fund with
which to purchase the site for the airport, and
the County Judge and Commissioners's Court have
requested your opinion as to whether or not the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

county might use funds from this fund for the purchase of the airport site.

"* * *.

"The funds on hand in the permanent improvement fund are the accummulation of taxes assessed and collected for permanent improvements, and certainly the airport will be an improvement of a permanent nature, and we are of the opinion that some of such funds might be used for such purpose.

"* * *."

Article 1269h, Vernon's Annotated Civil Statutes, reads as follows:

"Sec. 1.  That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire by purchase, without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an Air Port tracts of land, either within or without the corporate limits of such city and within the county in which such city is situated, the land acquired and held by any such city never to at any one time exceed six hundred forty acres, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county, not to exceed at any one time six hundred forty acres.

"Sec. 2.  For the purpose of condemning or purchasing either or both, lands to be used and maintained as provided in Section 1 hereof, and improving and equipping the same for such uses, the governing body of any city or the Commissioners' Court of any county, falling within the terms of such Section, may issue negotiable bonds of the city or of the county, as the case may be, and levy taxes to provide for the interest and sinking funds of any such bonds so issued, the authority hereby given for the issuance of such bonds and levy and collection of such taxes to be exercised in accordance with the provisions of Chapter 1 of Title 22 of the Revised Civil Statutes of 1925.

Honorable Julian E. Weisler, Page 3

"Sec. 3. Any Air Port acquired under and by virtue of the terms of this Act (art. 1269h.) shall be under the management and control of the governing body of the city or the Commissioners' Court of the county acquiring the same, which is hereby expressly authorized and empowered to improve, maintain and conduct the same as an Air Port, and for that purpose to make and provide therein all necessary or fit improvements and facilities and to fix such reasonable charges for the use thereof as such governing body or Commissioners' Court shall deem fit, and to make rules and regulations governing the use thereof. All proceeds from such charges shall be devoted exclusively to the maintenance, up-keep, improvement and operation of such Air Port and the facilities, structures, and improvements therein, and no city or county shall be liable for injuries to persons resulting from or caused by any defective, unsound or unsafe condition of any such Air Port, or any part thereof, or thing of any character therein or resulting from or caused by any negligence, want of skill, or lack of care on the part of any governing Board or Commissioners' Court, officer, agent, servant or employee or other person with reference to the construction, improvement, management, conduct, or maintenance of any such Air Port or any structure, improvement, or thing of any character whatever, located therein or connected therewith.

"Sec. 4. That in addition to and exclusive of any taxes which may be levied for the interest and sinking fund of any bonds issued under the authority of this Act (Art. 1269h.) the governing body of any city or the Commissioners' Court of any county, falling within the terms hereof, may and is hereby empowered to levy and collect a special tax not to exceed for any one year five cents on each One Hundred Dollars for the purpose of improving, operating, maintaining and conducting any Air Port which such city or county may acquire under the provision of this Act (Art. 1269h.), and to provide all suitable structures, and facilities therein. Provided that nothing in this Act (Art. 1269h.) shall be construed as authorizing any city or county to exceed the limits of indebtedness placed upon it under the Constitution."

Honorable Julian E. Weisler, Page 4

The above quoted Statute is authority for the Commissioners' Court of your County to buy or condemn land and establish thereon an airport. The money for said purposes may be obtained by the issuance of bonds as provided for by said Statute. Such Bonds, if issued, would be a charge against the permanent improvement fund of the county. However, since "Washington County has on hand sufficient funds in the Permanent Improvement Fund with which to purchase the site for the airport," as stated in your request, we know of no reason why the county may not purchase the site and pay for same out of said fund.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED FEB 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:RS

